IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DITRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

NOV -4 2025

Nathan Ochsner, Clerk of Court

BENJAMIN LACOUNT II,
    Plaintiff, Pro Se

v.

UNITED STATES OF AMERICA
    Defendant

CIVIL ACTION NO. _____

## COMPLAINT FOR A CIVIL CASE

**I.   PARTIES**

All parties include the plaintiff, *pro* se, Benjamin LaCount II, and the defendant, the United States of America.

**II.  BASIS FOR JURISDICTION**

This Court has jurisdiction under 28 U.S.C. § 1346(b) and 28 U.S.C. § 2401(b), as this is a claim for money damages against the United States for personal injury caused by the negligent acts and omissions of federal employees acting within the scope of their employment.

Venue is proper in the Southern District of Texas under 28 U.S.C. § 1402(b), as the acts and omissions giving rise to this claim occurred in this district.

## III. STATEMENT OF CLAIM

Plaintiff brings this lawsuit before the court concerning a single, egregious act of negligence that led to years of subsequent damages for the Plaintiff.

On July 17, 2022, while acting within the scope of official duties, a federal employee knowingly and falsely certified compliance with a federal document designed to prevent negligent harm to individuals subject to agency action (Exhibit A). This document contained 11 mandatory procedural safeguards, of which 7 were falsely certified as fulfilled. These safeguards were legally required to be satisfied prior to initiating any adverse action against the Plaintiff.

As a direct and foreseeable result of this false certification, the Plaintiff was subjected to agency action, compelled to pay for services, and denied reimbursement under the erroneous assumption that all procedural requirements had been met. The Plaintiff reasonably relied on the validity of the certification, which was later revealed to be materially false.

The Plaintiff did not discover the falsification until July 2023, upon obtaining a complete record through a subsequent FOIA request. The document had been omitted from the agency's initial FOIA response, further delaying the Plaintiff's awareness and ability to seek redress.

This incident was not isolated. It marked a pivotal moment in a broader, sustained pattern of administrative neglect spanning 43 months—15 months preceding the false certification and 28 months following it—during which federal employees repeatedly failed to perform their duties with the care and diligence required by law (Exhibit D). These failures cumulatively caused the Plaintiff to suffer financial harm, emotional distress, and loss of trust in the integrity of federal processes.

The Plaintiff asserts that the federal employee's conduct on July 17, 2022, constituted a breach of the duty of care owed under federal law and agency regulations, and that this breach proximately caused the Plaintiff's damages. After trying and failing to resolve issues with the Defendant between May 2023 and June 2025, Plaintiff now brings forward this claim. The United States is liable under the FTCA for the negligent acts and omissions of its employees acting within the scope of their employment.

## IV.   ADMINISTRATIVE EXHAUSTION

On June 6, 2025, Plaintiff submitted a formal administrative claim to the offending agency using Standard Form 95, detailing the falsified certification and resulting harm (Exhibit B). This fell within the Kubrick standard, with the Plaintiff becoming aware of the transgression no earlier than July 2023.

The agency confirmed receipt on July 3, 2025, and denied the claim on August 6, 2025, thereby exhausting administrative remedies (Exhibit C).

## V. RELIEF

Plaintiff seeks monetary relief in the total amount of $448,000, based on the following:

- $168,000 in out-of-pocket training expenses from July 2022 to June 2025, which would have been reimbursed by the Defendant.
- $195,000 in lost wages and future earning potential resulting from the Defendant failing to uphold their obligations in vocationally rehabilitating the Plaintiff.
- $75,000 for emotional distress caused by more than 43 months of administrative negligence and disruption of rehabilitation services.
- $10,000 in administrative expenses incurred while attempting to correct the record and seek redress.

These damages stem from negligent acts and omissions by federal employees acting within the scope of their duties. The harm is ongoing, and Plaintiff continues to suffer financial and emotional consequences due to the Defendant's failure to perform the actions required of them by law.

Plaintiff requests any further relief the Court deems just and proper.

## VI. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

As a party proceeding *pro se*, I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of original signing: August 10, 2025.

Respectfully submitted,

Benjamin LaCount II
*Pro Se* Litigant
10510 Golden Meadow Dr
Houston, TX 77064