## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DITRICT OF TEXAS
## HOUSTON DIVISION

BENJAMIN LACOUNT II,
    Plaintiff, Pro Se

v.

UNITED STATES OF AMERICA
    Defendant

CIVIL ACTION NO. _____

## **EXHIBITS IN SUPPORT OF PLAINTIFF'S COMPLAINT**

Plaintiff respectfully submits the following exhibits in support of the

Complaint:

    Exhibit A – Falsified Federal Document

    Exhibit B – Completed Standard Form 95 Submitted to Agency

    Exhibit C – Agency Response Denying Claim

    Exhibit D – Chronological Timeline of Events

Date of original signing: August 10, 2025.

Respectfully submitted,

Benjamin LaCount II
*Pro Se* Litigant
10510 Golden Meadow Dr
Houston, TX 77064

# EXHIBIT

# A

| VA Department of Veterans Affairs | CHECKLIST FOR PROPOSED DISCONTINUANCE |
|---|---|

| CLAIMANT'S NAME<br>Mr. Benjamin C. Lacount II | VA FILE NUMBER<br>Last 4 digits: 9462 / 00 |
|---|---|

**SERVICES PLANNED IN PREVIOUS CASE STATUS (Check all that apply):**

- ☐ Independent Living
- ☐ Extended Evaluation
- ☒ Rehabilitation To the point of Employability
- ☐ Employment Assistance (JR status including cases under 38 U.S.C. 3117)
- ☐ Self-Employment

| ITEM | DESCRIPTION | CASE MANAGER | REVIEWER |
|---|---|---|---|
| 1 | Claimant was provided assistance to successfully participate in a plan of services. | MC | NP |
| 2 | The case management appointments were adequately conducted based on applicable policy and guidelines. | MC | NP |
| 3 | Claimant's case was placed in interrupted status prior to discontinuance. | MC | NP |
| 4 | Claimant was notified of interruption and proposed discontinuance in writing with due process. | MC | NP |
| 5 | Claimant was informed about necessary services during the period of interruption to resume their program. | MC | NP |
| 6 | Independent living services were addressed if the claimant's achievement of a vocational goal was not feasible for the claimant. | MC | N/a |
| 7 | Proposed closure for maximum rehabilitation gain (MRG) is appropriate:<br>**MRG 1:**    **MRG 2:** | MC | n/a |
| 8 | Discontinued closure statement is included in the claimant's record. | MC | NP |
| 9 | A discontinuance letter with appeal rights has been drafted to be sent after VREO or Designee's approval. | MC | NP |
| 10 | All financial transactions (invoices, RFLs, direct reimbursements, beneficiary travel, contractor payments) have been completed. | MC | NP |
| 11 | All subsistence and employment adjustment award actions have been completed, if applicable. | MC | NP |

I CERTIFY THAT this VR&E record has been reviewed and the documentation clearly supports justification for case closure using reason code: __03__

MONICA COKER  Digitally signed by MONICA COKER  Date: 2022.04.21 16:07:03 -05'00'
**SIGNATURE CASE MANAGER**        Date Signed

Nikisha Q. Porter  Digitally signed by NIKISHA Q.
1459412  Porter 1459412
Date: 2022.07.17 15:51:56 -04:00

**SIGNATURE VREO or DESIGNEE**        Date Signed        07/17/2022

# EXHIBIT

# B

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Department of Veterans Affairs<br>Office of General Counsel - Torts Law Group<br>810 Vermont Avenue, NW, Washington, DC 20420 | Benjamin Clark LaCount II<br>10510 Golden Meadow Dr<br>Houston, TX 77064 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☐ CIVILIAN | 4. DATE OF BIRTH<br>05/22/1993 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>07/17/2022   SUNDAY | 7. TIME (A.M. OR P.M.)<br>N/A |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

38 CFR 21.197(c)(4) Violation: While serving as the vocational rehabilitation counselor for the veteran, Monica Coker knowingly and falsely certified a "Checklist of Proposed Discontinuance" in order to remove the veteran from his rehabilitation services. The veteran only found out this information after submitting a FOIA request and receiving his vocational rehabilitation record in July 2023. This claim is being submitted in accordance with the discovery rule exception to time limitations.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

$18,000 (Extended Evaluation Allowance), $150,000 (Vocational Training Costs), $195,000 (Lost Wages), $75,000 (Emotional Distress Estimate), $10,000 (Legal & Administrative Costs)

| 11. | WITNESSES | |
|---|---|---|
| **NAME** | **ADDRESS** (Number, Street, City, State, and Zip Code) | |
| NIKISHA PORTER | 6900 ALMEDA RD, HOUSTON, TX 77030 | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $0 | $448,000 | $0 | $448,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>281-896-7769 | 14. DATE OF SIGNATURE<br>06/03/2025 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

N/A

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☒ No   **17. If deductible, state amount.**

N/A

N/A

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)**

N/A

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
- A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

- B. *Principal Purpose:* The information requested is to be used in evaluating claims.
- C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
- D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

# EXHIBIT

# C

 **U.S. Department of Veterans Affairs**
**Office of General Counsel**

Department of Veterans Affairs
Torts Law Group (021)
810 Vermont Avenue NW
Washington, DC 20420

In Reply Refer To: GCL 505547

August 6, 2025

Benjamin Clark LaCount II
10510 Golden Meadow Dr
Houston, TX 77064

      RE:   Administrative Tort Claim

Dear Mr. LaCount:

This is in reference to your administrative claim received in our office on July 3, 2025, alleging misconduct by a VR&E counselor on July 17, 2022. This claim involves the same issue albeit on a different incident date described in your claim that was received June 28, 2022, which was investigated by our office and denied.

The enclosed letter, dated August 29, 2023, informed you that the same claim now raised was denied. You were informed of your right to pursue redress of your claim in the Federal district court within six (6) months of the date of that denial. You filed suit on the claim in federal district court, and the court dismissed the case in March 2024. You filed an appeal and the appellate court affirmed the dismissal as proper on February 6, 2025. Therefore, the Office of General Counsel no longer has jurisdiction to take action on your claim.

Sincerely,

Cynthia Hernandez
Deputy Chief Counsel

Enclosure

# EXHIBIT

# D

# 20XX



This is the year for the events below.

**MMM**

This is the month for the events below.

MM/DD

This is the date for the events below.

This is a descending timeline of events.

**NORMAL**

A box with this border represents a normal event occurring between the Counselor and Plaintiff

**MINOR NEGLIGENCE**

A box with this border represents a minor negligent event occurring on behalf of the Counselor.

**MAJOR NEGLIGENCE**

A box with this border represents a major negligent event occurring on behalf of the Counselor.

**NOTE**

A box with this border represents a note to provide context.

# 2021



**APR**

04/29 — Counselor entitles Plaintiff to vocational rehabilitation services.

04/30 — Plaintiff reaches out to rehabilitation counselor and receives no response.

**MAY**

05/21 — Plaintiff reaches out to rehabilitation counselor and receives no response.

05/29 — Typical deadline for a counselor to determine the vocational goal for veteran.

05/31 — Counselor fails to meet with Plaintiff this month.

**JUN**

06/24 — Plaintiff reaches out to rehabilitation counselor and receives no response.

06/30 — Counselor fails to meet with Plaintiff this month.

# 2021



**JUL**

07/15 — Counselor denies training request, stating "the achievement of a vocational goal being undeterminable".

After making this decision, a counselor is required by law to place the Plaintiff in an extended evaluation status (38 CFR 21.57), but the counselor failed to do so.

07/27 — Plaintiff reaches out to rehabilitation counselor and receives no response.

07/29 — Typical veteran should receive rehabilitation plan by now.

07/31 — Counselor fails to meet with Plaintiff this month.

**AUG**

08/20 — Plaintiff reaches out to rehabilitation counselor and receives no response.

08/31 — Counselor fails to meet with Plaintiff this month.

**SEP**

09/04 — Plaintiff reaches out to rehabilitation counselor and receives no response.
09/17

09/30 — Counselor fails to meet with Plaintiff this month.

# 2021



**OCT**

10/12 — Plaintiff reaches out to rehabilitation counselor and receives no response.

10/27

10/31 — Counselor fails to meet with Plaintiff this month.

**NOV**

11/29 — Plaintiff reaches out to rehabilitation counselor and receives no response.

11/30 — Counselor fails to meet with Plaintiff this month.

**DEC**

12/09 — Plaintiff reaches out to rehabilitation counselor and receives no response.

12/14

12/15 — Plaintiff informs rehabilitation counselor he has an interview with a former employer and would like their support.

12/22 — Counselor refers Plaintiff to the Texas Veterans Commission for employment assistance.

12/23 — Plaintiff reaches out to rehabilitation counselor and receives no response.

# 2022



**JAN**

01/20 — Plaintiff informs Counselor he has not heard back from his interview.

01/26 — Counselor sends Plaintiff lists of employers to browse for jobs to apply to.

**FEB**

02/01 — Counselor creates a rehabilitation plan for Plaintiff.

Plaintiff reaches out to rehabilitation counselor and receives no response.

02/16 — Counselor proposes to discontinue the Plaintiff from rehabilitation services.

02/23 — This decision allows the Plaintiff to meet with the Counselor to discuss the proposal if they respond within 30 days.

**MAR**

03/03 — Plaintiff receives proposal letter in the mail and sends a notice of disagreement to Counselor.

Counselor does not respond to Plaintiff's notice of disagreement.

03/16 — Plaintiff submits a signed rehabilitation plan to Counselor.

03/31 — Counselor fails to meet with Plaintiff this month.

# 2022



**APR**

04/01 — Plaintiff reaches out to rehabilitation counselor and receives no response.

04/30 — Counselor fails to meet with Plaintiff this month.

**MAY**

05/17 — Counselor denies Plaintiff training, stating the Plaintiff made "unauthorized alterations to a federal document" as evidence for denial.

05/31 — Counselor fails to meet with Plaintiff this month.

**JUN**

06/30 — Counselor fails to meet with Plaintiff this month.

**JUL**

07/17 — COUNSELOR FALSELY CERTIFIES "CHECKLIST FOR PROPOSED DISCONTINUANCE" AND DISCONTINUES REHABILITATION SERVICES, STATING PLAINTIFF FAILED TO PARTICIPATE AND HAD A LACK OF COOPERATION.

# 2023



**JAN**

**01/16** → Plaintiff reapplies for rehabilitation services.

**FEB**

**02/14** → Plaintiff is denied rehabilitation services due to reasons provided by his previous Counselor; that the Plaintiff fails to participate and lacks cooperation.

**MAR**

**APR**

**MAY**

**05/12** → A Quality Assurance Compliance Specialist reviewed the Plaintiff's case and determined the denial of training on May 18, 2022; the discontinuance of VR&E services on July 17, 2022; and the denial of re-entrance on February 14, 2023, were all incorrect decisions. The Plaintiff was requested to withdraw his appeal at the Board of Veterans Appeals due to the resolution.

# 2023



**JUN**

**JUL**

07/07 → Plaintiff meets with new Counselor and is entitled to rehabilitation services.

07/25 → Plaintiff reaches out to rehabilitation counselor and receives no response.

**AUG**

08/10 → Plaintiff reaches out to rehabilitation counselor and receives no response.

08/31 → Counselor fails to meet with Plaintiff this month.

**SEP**

09/07 → Plaintiff meets with Counselor to discuss developing a rehabilitation plan.

09/21 → Plaintiff reaches out to rehabilitation counselor and receives no response.

# 2023



**OCT**

10/20 — Plaintiff reaches out to rehabilitation counselor and receives no response.

10/31 — Counselor fails to meet with Plaintiff this month.

**NOV**

11/20 — Plaintiff reaches out to rehabilitation counselor and receives no response.

11/30 — Counselor fails to meet with Plaintiff this month.

**DEC**

12/07 — Plaintiff reaches out to rehabilitation counselor and receives no response.

12/31 — Counselor fails to meet with Plaintiff this month.

# 2024



**JAN**

01/31 → Counselor fails to meet with Plaintiff this month.

**FEB**

02/21 → Plaintiff meets with Counselor to discuss developing a rehabilitation plan.

02/27 → Plaintiff reaches out to rehabilitation counselor and receives no response.

**MAR**

03/03 → Plaintiff informs Counselor he had back surgery, is no longer in training, and is unable to take care of himself. Plaintiff's wife is acting as his caregiver and Plaintiff requests support.

03/08 → Counselor schedules a phone appointment to discuss independent living arrangements for Plaintiff.

03/09 → Plaintiff informs Counselor he will be relocating closer to family for support. Plaintiff requests support from his Counselor.



# 2024

**APR**

04/10 — Plaintiff reaches out to Counselor requesting support.

04/12 — Counselor responds to Plaintiff, stating he will be increasing the Plaintiff's employment handicap to a "serious employment handicap", warranting independent living assistance.

**MAY**

05/01
05/09
05/20 — Plaintiff reaches out to rehabilitation counselor and receives no response.

05/31 — Counselor fails to meet with Plaintiff this month.

**JUN**

06/30 — Counselor fails to meet with Plaintiff this month.

**JUL**

07/31 — Counselor fails to meet with Plaintiff this month.

**AUG**

08/22
08/30 — Plaintiff reaches out to rehabilitation counselor and receives no response.

08/31 — Counselor fails to meet with Plaintiff this month.



# 2024

**SEP**

09/30 — Counselor fails to meet with Plaintiff this month.

**OCT**

10/04 — Counselor calls Plaintiff suggesting a vocational goal in the information technology field.

Plaintiff emails Counselor that he would be interested in IT but would like to try something in healthcare if possible.

**NOV**

11/12 — Plaintiff is compelled to switch his education benefits because he was not being reimbursed by the vocational rehabilitation program.

11/30 — Counselor fails to meet with Plaintiff this month.

**DEC**

12/31 — Counselor fails to meet with Plaintiff this month.

# 2025



**JAN**

01/31 → Counselor fails to meet with Plaintiff this month.

**FEB**

02/05 → Plaintiff reaches out to rehabilitation counselor and receives no response.

02/17 → Plaintiff requests Counselor's help in writing a support letter for the Plaintiff's SSDI claim.

02/28 → Counselor states he will be interrupting the Plaintiff's rehabilitation plan to review documents and write the letter.

**MAR**

03/03 → Plaintiff provides Counselor with supporting documents and a support letter template.

03/04 → Counselor confirms receipt of the documents and begins his review.

03/09 → Plaintiff informs Counselor he will be relocating closer to family for support. Plaintiff requests support from his Counselor.

# 2025



**APR**

04/11
04/23
04/28

Plaintiff reaches out to rehabilitation counselor and receives no response.

04/30

Counselor fails to meet with Plaintiff this month.

**MAY**

05/22

Counselor's supervisor reaches out to Plaintiff.

05/28

Plaintiff reaches out to rehabilitation counselor and receives no response.

05/31

Counselor fails to meet with Plaintiff this month.

**JUN**

06/02

Plaintiff reaches out to rehabilitation counselor.

06/04

Counselor lets Plaintiff know they can meet today. Plaintiff meets counselor.

06/09

Counselor lets Plaintiff know they are separating from their position on June 13.

Plaintiff receives no further communication for Counselor.

PROOF OF PRIOR POSTAGE RECEIVED:



## Instructions

1. Please use a laser or laser-quality printer.

2. Adhere shipping label to package with tape or glue - DO
   NOT TAPE OVER BARCODE. Be sure all edges are secure.
   Self-adhesive label is recommended.

3. Place label so that it does not wrap around the edge of
   the package.

4. Each shipping label number is unique and can be used
   only once - DO NOT PHOTOCOPY.

5. Please use this shipping label on the "ship date"
   selected when you requested the label.

6. If a mailing receipt is required, present the article and
   Online e-Label Record at a Post Office for postmark.

**9400 1301 0935 5092 1384 56**

| | |
|---|---|
| Print Date: 2025-08-11 | GRD ADVANTAGE | $4.20 |
| Ship Date: 2025-08-11 | Extra Services: | $0.00 |
| | Fees: | $0.00 |
| | Total: | $4.20 |

**From:** BENJAMIN LACOUNT
10510 GOLDEN MEADOW DR
HOUSTON TX 77064-4299

**To:** CLERK OF COURT
NATHAN OCHSNER
PO BOX 61010
HOUSTON TX 77208-1010

* Commercial Pricing GRD ADVANTAGE rates apply. There is no fee for USPS Tracking®
service on GRD ADVANTAGE service with use of this electronic rate shipping label.
Refunds for unused postage paid labels can be requested online 30 days from the
print date.

**UNITED STATES POSTAL SERVICE®** *Thank you for shipping with the United States Postal Service!*
*Check the status of your shipment on the USPS Tracking® page at usps.com*